Barker, J.
The case states that the only evidence bearing on the issue of payments is set forth therein, and that no other question except the one of payment is presented for review on this appeal..
No exceptions were taken by the appellant to the judge’s charge. Some exceptions were taken to the rulings of the court during the process of the trial, to the- receipt and rejection of evidence, and we have examined each of them and are unable to discover any error. The forty dollars’ payment which the jury allowed was not made by the defendant personally, but he claimed that that sum had been paid upon the note by J. J. Deming, deceased, the other maker, who was the principal debtor. The plaintiff and Mr. Deming, deceased, had other dealings after the making and delivery of the note, and it is admitted by the plaintiff that he did pay to her the sum of forty dollars ; and one of the questions litigated on the trial was, whether that sum should' be applied as payment on the note in suit. No indorsement had been made upon the note of that sum. The disagreement between the parties was whether it ought to apply as payment or not. We need not make any reference to the indorsement, which was at one time written on the back of the note and afterwards erased, as that question does not bear on any of the questions presented by the exceptions.
The plaintiff was called as a witness in her own behalf, and testified that she was acquainted with the deceased maker of the note. This question was then asked her by her own counsel: “Was there ever any payments made on this note ?” which was objected to by the defendant, on the ground that it called for a conclusion of fact, of which the jury are the sole judges as to whether there had been any payments made upon the note or not. The witness then further testified that “ J. J. Deming paid the $40 to me ; sent it over by the milkman. It came from him.” This ruling was correct, as there was no other payment claimed to have been made upon the note, and the plaintiff admitted that she had received the $40 from the other maker of the note, and the question overruled called for her opinion upon the very question at issue. Whether the $40 should have been credited upon the note or the other dealings between the plaintiff and the deceased maker was to be determined as a question of both law and fact depending upon the facts and circumstances and the intention of the parties.
Levi Evans was called as a witness on behalf of the plaintiff, and testified that he had a conversation with the defendant upon the question whether the $40 should be credited upon the note or not; and he was then asked this question: “Was this $40 paid on this note?” This was *351 objected to by the defendant, upon the ground that it called for a conclusion of the witness, and that it relates to a personal transaction with the deceased, through whom they (the plaintiff) obtained title to this note. The objection was sustained and the plaintiff excepted. This was a correct ruling, for the reason that the witness had no personal knowledge as to the payment of the $40, or the circumstances under which it was made.
_ One other exception was taken, but it needs no consideration. Judgment affirmed with costs.
All concur.